Martha G. Bronitsky,  #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
6140 Stoneridge Mall Rd #250
Pleasanton,CA 94588-4588
(925) 621- 1900
13trustee@oak13.com

Trustee for Debtor(s)

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

**In re**

**Hitesh Ram**

**Ireen Lata Ram**

Debtors

**Chapter 13 Case No. 14-41338-MEH13**

Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Case

| Plan Objection Information |
|---|

Trustee Objects To:  First Amended Chapter 13 Plan
Dated: 05/20/2014
Filed: May 20, 2014
Docket#: 20

| Motion To Dismiss Information |
|---|

☐ Trustee Seeks To Dismiss the Case      ☑ Trustee Does Not Seek to Dismiss the Case

(See II. Motion To Dismiss Below)

| Case Information |
|---|

Petition Filed: March 28, 2014      Attorney Name: PATRICK L FORTE ATTY

| I. Objection |
|---|

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

| (A.) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326 |

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtors' principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtors was liquidated under Chapter 7 of this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The Plan is not feasible. The Debtors will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: The plan provides for a step-payment of $250 for the last 59 months but fails to provide a source for the increased payment. Schedule J shows excess income of $150.60.

☐ (8) The Debtors have not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtors in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) Other:

Facts:

### (B) 11 U.S.C. 1325 (b)(1) Disposable Income

☐ (15) The plan does not provide for all of the Debtors' projected disposable income ("DMI") to be applied to unsecured creditors under the plan.

Facts:

### (C) Local Rules

☐ (16) Debtors failed to file, serve and set a motion to value collateral or failed to obtain the motion to value order.

Facts:

☐ (17) Debtors failed to utilize the standard form Chapter 13 Plan effective 08/01/2013.

Facts:

☐ (18) The plan provides for the payments of fees in excess of the fixed compensation allowed by the Oakland Division Fee Guidelines.

Facts:

☐ (19) Other

Facts:

## II. Motion to Dismiss Chapter 13 Case

The Trustee seeks dismissal of the Chapter 13 Petition on the following grounds:

☐ (1) Payments to the Trustee are not current under the Debtor(s) proposed plan. [11 U.S.C.§1307(c)(1), (4) and/or (c) (6)]

Facts:

☐ (2) Unreasonable delay by the Debtors that is prejudicial to creditors. [11 U.S.C.§ 1307(c)(1)]

Facts:

☐ (3) Failure to file or provide documents to the Trustee as required by 11 U.C.S.§ 521(a)(1), (3), or (4). [11 U.S.C.§ 1307 (c); 11 U.S.C. 521

Facts:

☐ (4) Cause: Failure to file tax return .

Facts:

☐ (5) Failure to confirm a Chapter 13 Plan. 11 U.S.C§ [1307(c)(1), (3)]

Facts:

☐ (6) Other:

Facts:

## Other Documents Filed Concurrently Herewith

☐ Other:

|III. Trustee's Recommendation/Analysis|

☐  The current plan is not confirmable and an amended plan will be required to be filed.

☐  No confirmable plan can be filed based on the facts of this case.

☐  A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts.

☐  Other:

**WHEREFORE,** the Trustee requests:

☐  That the Trustee's objection to confirmation of the plan be sustained.

☒  That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐  That the Debtors' case be dismissed.

Such other and further relief as the court deems proper.

Date: 5/27/2014

/s/ Martha G Bronitsky
Martha G Bronitsky
Chapter 13 Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtors, Counsel for Debtors, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 27, 2014          /s/ Lydia Santiago

Lydia Santiago

| | |
|---|---|
| Hitesh Ram | Patrick L Forte Atty |
| Ireen Lata Ram | 1 Kaiser Plaza #480 |
| 1636 Rio Verde Circle | Oakland, CA 94612 |
| Pittsburg, CA 94565 | |
| | (Counsel for Debtor) |
| Debtors | |